FILED & JUDGMENT ENTERED
David E. Weich

Mar 06 2009

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

IN RE: )
 ) Case No. 08-31956
**Edward Calvin Parr** ) Chapter 13
**Cora Frances Parr,** )
 )
     Debtors. )
 )

**ORDER ALLOWING CREDITOR FIXED FEE
IN CONNECTION WITH FILING PROOF OF CLAIM**

This matter is before the court on a Motion and Application for Fees Under a Fixed Fee Agreement in which the movant seeks to collect a $125.00 fixed attorneys' fee for work done in connection with the filing of a proof of claim in this Chapter 13 case. The court has concluded that it should allow the fee under the following conditions:

(1) The creditor has a claim secured by the debtors' real property;

(2) The creditor is oversecured; that is, there is equity in the real property securing the debt;

(3) Such fee is provided for in the contract between the parties;

(4) The debtors are in default of their obligations to this creditor (other than by the mere filing of the bankruptcy petition);

(5) Legal services were performed by a private attorney admitted to regular practice of law in this district; and

(6) The proof of claim is accurate and appropriate.

The court has further concluded that it is appropriate to seek such flat fee by inclusion in a proof of claim rather than by motion and notice.

**Background**

1.  The debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. The movant is a creditor of the debtors pursuant to a Note and Deed of Trust on the debtors' real property that is their primary residence. As of the petition date, the value of the real property was greater than the debtors' outstanding indebtedness to the movant. Also at that time, the debtors were in default of the Note.

2.  Pursuant to their Note and Deed of Trust, the debtors agreed to reimburse movant for its reasonable attorneys' fees for professional services incurred as a result of the debtors' default.

3. Movant and its attorneys have an agreement that allows the attorneys to submit an invoice for a "flat fee" of $125 for services rendered between the filing of the debtors' Petition and confirmation of their Chapter 13 Plan.  Such services include printing the Petition; opening a file; inputting case and account information into databases; an attorney reviewing the loan documents, the account history, and the Plan; and an attorney drafting and signing the proof of claim, informing and updating movant as to its treatment in the case, and updating the creditor of the expected milestones in the case.  The movant has incurred additional attorneys' fees in connection with this motion that would not be incurred if recovery of a fixed fee for post-petition, pre-confirmation services was permitted.

4. In its motion, movant seeks to collect from the debtors the $125 flat fee for the work done in connection with filing its proof of claim.

**Discussion**

5. The request here is significantly different than this court dealt with in Tate v. NationsBanc Mortgage Corp. (In re Tate), 253 B.R. 653 (Bankr. W.D.N.C. 2000).  There the creditor had a practice of adding a fee of $125 to each proof of claim it filed which purported to compensate it for the ministerial work of simply filling out and filing a proof of claim performed by in-house non-professional employees.  The court reaffirms its

3

decision in <u>Tate</u> and will continue to enforce it. But, this case involves attorneys' fees for work that is overwhelmingly legal work performed by independent attorneys. <u>See</u> <u>infra</u> ¶¶ 8 and 9.

    6.   Section 506(b) of the Bankruptcy Code provides that:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

<u>See</u> 11 U.S.C. § 506(b). This provision contains four distinct prerequisites to the recovery of fees: (1) an allowed secured claim; (2) the claim is oversecured; (3) an agreement that provides for the recovery of fees; and (4) the fees must be reasonable.

    7.   The only real source of contention in this case is the reasonableness factor. Courts elsewhere have divided on this issue as a matter of principle. Several courts have held that a charge of attorneys' fees for the preparation of a proof of claim may be a reasonable charge. <u>See</u> <u>In re Madison</u>, 337 B.R. 99, 106 (Bankr. N.D.Miss. 2006); <u>In re Atwood</u>, 293 B.R. 227, 232 (B.A.P. 9th Cir. 2003); <u>In re Powe</u>, 278 B.R. 539, 556 (Bankr. S.D.Ala. 2002); <u>In re LeMarquis Assoc.</u>, 65 B.R. 719, 724 (Bankr. E.D.Ca. 1986). Other courts have found the preparation of a proof of claim to be a ministerial act for which charging an

4

attorneys' fee would be unreasonable.  See In re Staggie, 255 B.R. 48, 56 (Bankr. D. Idaho 2000); In re Allen, 215 B.R. 503, 504 (Bankr. N.D.Tex. 1997); In re Good, 207 B.R. 686, 689 (Bankr. D. Idaho 1997).  This court is inclined to follow those courts that have permitted attorneys' fee charges for legal work in connection with filing a proof of claim when, as here, the attorneys' fee is reasonable in its necessity and in its amount.

    8.  Here, significant legal services were performed post-petition, pre-confirmation which included reviewing loan documents, the account history, and the proposed treatment in the debtors' Plan and drafting and filing an accurate proof of claim along with the appropriate required documentation.  The mortgage loans in bankruptcy cases are anything but simple claims — compounded by defaults, partial payments, returned funds, additional charges, and varying cure provisions in Chapter 13 Plans.  The attorney's professional services for a mortgage lender in filing an accurate and appropriately documented proof of claim is not only necessary for the lender, but is a significant benefit to all other parties to the case.

    9.  Consistent with Tate, the court would not approve an attorneys' fee for printing a copy of the Petition, opening a file, and inputting information into databases alone.  Here, those tasks appear to be ancillary to the legal services that

were performed and the fee should not be diminished on account of their inclusion.

10. The $125 fixed fee sought here is reasonable in amount. It represents less than an hour's time at the normal billing rate for an attorney in this market. It appears that a higher fee could be supported in these cases, so the court has no trouble in concluding that the $125 fee here should be allowed.

11. There are two other aspects of reasonableness that the court finds are present in this case. First, the debtors are in default on their obligations (other than by having filed a bankruptcy petition). If the debtors were current on their obligations, then the complexities that justify an attorney's services would not be present. Second, the legal services were performed and the proof of claim prepared and signed by an attorney in private practice who is admitted to the regular practice of law in this district. It is knowledge of the nuances of North Carolina law and local practice that make the attorney's services beneficial.

**Procedure**

12. Consistent with <u>Tate</u>, this court requires notice and an opportunity for hearing on most attorneys' fee requests. The exception is for certain designated fees set out in Local Rules. In the present case, of course, there is a specific motion, and

the court conducted a hearing.  In the future, the court has concluded that the $125 fee approved here for services performed post-petition, pre-confirmation may be sought by proof of claim — so long as it is specifically identified as a separate charge. The court believes that this procedure best serves the interests of all parties because the fee is relatively small and the charge for making the claim by motion and notice would exceed the amount sought.

13. Existing procedures provide a safeguard from abuse. The fee is always subject to objection and judicial determination — as is the substantive claim itself.  Further, in any situation where the creditor's secured claim fails, the additional fee would be automatically disallowed.

14. This procedure does not prohibit a creditor's attorney from seeking additional fees by way of motion and notice.

**Application to Other Cases**

15. The same Motion that is the subject of this Order was made in a number of other cases.  Those cases all had substantially identical facts.  Consequently, the court will allow the fee sought in those cases by separate Orders that will reference this Order.

16. The court is aware that creditors' attorneys are interested in seeking this fee in subsequent cases and that this procedure is the subject of discussion in connection with

proposed revisions to the Local Rules. Until a Local Rule is adopted that governs the changes involved here, creditors' attorneys may claim such a fee in appropriate subsequent cases pursuant to procedures set out in this Order.

It is therefore **ORDERED** that:

1. The Motion and Application for Fees Under a Fixed Fee Agreement is granted; and

2. Creditors' attorneys may seek a fixed attorneys' fee by proof of claim under the following conditions:

(1) The creditor has a secured claim on the debtors' real property;

(2) The creditor is oversecured;

(3) Such fee is provided for in the contract between the parties;

(4) The debtors are in default of their obligations to the creditor (other than by the mere filing of the bankruptcy petition);

(5) Legal services were performed by a private attorney admitted to the regular practice of law in this district; and

(6) The Proof of Claim is accurate and appropriate.

**This Order has been signed electronically.    United States Bankruptcy Court**
**The judge's signature and court's seal**
**appear at the top of the Order.**

8